**William L. Larkins, Jr.**, OSB #812882
wlarkins@larkinsvacura.com
**Bridget M. Donegan**, OSB #103753
bdonegan@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:   503-827-7600

Attorneys for Defendants U.S. Bank National Association, N.D. and Stephanie Buckley

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO,<br><br>                    Plaintiff,<br><br>         v.<br><br>U.S. BANK NATIONAL ASSOCIATION, N.D., STEPHANIE BUCKLEY, CHRISTOPHER KAYSER, DOES 1 THROUGH 5,<br><br>                    Defendants. | Case No. 6:13-CV-00173-AA<br><br>DEFENDANTS U.S. BANK'S AND STEPHANIE BUCKLEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT<br><br>Jury Trial Requested |

Defendants U.S. Bank National Association, N.D. ("U.S. Bank") and Stephanie Buckley, by and through their attorneys, in response to plaintiff's complaint, admit, deny and allege as follows:

1.

U.S. Bank admits the first sentence of paragraph 1. The second and third sentences of paragraph 1 are not allegations of fact directed at U.S. Bank, and U.S. Bank does not respond to them. Buckley lacks sufficient information or knowledge to admit or deny paragraph 1.

2.

Buckley and U.S. Bank admit paragraph 2.

3.

U.S. Bank admits paragraph 3. Buckley lacks sufficient information or knowledge to admit or deny paragraph 3.

4.

In response to paragraphs 4 through 6, U.S. Bank admits that plaintiff filed an action against it for violations of the FCRA and admits that that case is on review before the 9th Circuit Court of Appeals. U.S. Bank denies all other allegations in paragraphs 4 through 6. Buckley lacks sufficient information or knowledge to admit or deny paragraphs 4 through 6.

5.

U.S. Bank and Buckley deny paragraph 7.

6.

U.S. Bank and Buckley deny paragraph 8.

7.

Buckley does not answer the allegations directed to U.S. Bank in paragraphs 9 through 46; to the extent an answer is required, Buckley denies all of those allegations.

8.

In response to paragraph 9, U.S. Bank admits that Larkins Vacura LLP represented U.S.

Bank in plaintiff's earlier lawsuit alleging violations of the FCRA.  U.S. Bank does not answer plaintiff's other allegations in paragraph 9 because the answer would be protected by the attorney-client privilege.  To the extent an answer is required, those allegations are denied.

9.

U.S. Bank denies paragraphs 10 through 46.

10.

U.S. Bank does not answer the allegations directed to Buckley in paragraphs 47 through 87; to the extent an answer is required, U.S. Bank denies those allegations.

11.

Buckley denies paragraph 47.

12.

Buckley does not answer plaintiff's allegations in paragraph 48 because the answer would be protected by the attorney-client privilege.  To the extent an answer is required, those allegations are denied.

13.

Buckley denies paragraph 49.

14.

Buckley does not answer plaintiff's allegations in paragraphs 50 through 84 because the answer would be protected by the attorney-client privilege.  To the extent an answer is required, those allegations are denied.

15.

Buckley denies paragraphs 85 through 87.

///

16.

U.S. Bank and Buckley do not answer the allegations directed to Christopher Kayser in paragraphs 88 through 134; to the extent answers are required, U.S. Bank and Buckley deny those allegations.

17.

U.S. Bank and Buckley deny any remaining allegations in plaintiff's complaint, including plaintiff's "summation."

## FIRST AFFIRMATIVE DEFENSE
### (Insufficient Service – Buckley)

18.

Plaintiff did not obtain sufficient service of process on Buckley.

## SECOND AFFIRMATIVE DEFENSE
### (Personal Jurisdiction – Buckley)

19.

This court lacks personal jurisdiction over Buckley, who lives and works in Missouri and was acting at all material times as a mere employee of U.S. Bank.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim – U.S. Bank and Buckley)

20.

Plaintiff's claims fail to allege facts sufficient to state a claim for relief.

//

//

//

## FOURTH AFFIRMATIVE DEFENSE

### (Privilege – U.S. Bank and Buckley)

21.

Plaintiff alleges claims based on alleged communications between U.S. Bank or Buckley and counsel in preparation for litigation, which were subject to attorney-client privilege and cannot be the basis for liability of U.S. Bank or Buckley.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver – U.S. Bank and Buckley)

22.

Plaintiff included personally identifying information without redaction in court filings and, therefore, waived the protection of FRCP 5.2(a).

## SIXTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel – U.S. Bank and Buckley)

23.

Plaintiff's claims were previously raised in his motion for summary judgment in his earlier action against U.S. Bank for violations of the FCRA and are therefore barred by the doctrine of collateral estoppel.

//

//

//

//

//

//

**WHEREFORE**, Defendants U.S. Bank and Buckley pray that plaintiff's complaint be dismissed with prejudice and final judgment be entered in favor of defendants, together with an award for their reasonable attorney's fees and recoverable costs incurred in this action.

DATED this 21st day of March, 2013.

                                          LARKINS VACURA LLP

                                        /s/ William L. Larkins, Jr.
                                        William L. Larkins, Jr., OSB #812882
                                        wlarkins@larkinsvacura.com
                                        Bridget M. Donegan, OSB #103753
                                        bdonegan@larkinsvacura.com

                                        Attorneys for Defendants U.S. Bank and Stephanie Buckley