DAVID A. JACOBS, OSB No. 942202
djacobs@luvaascobb.com
LUVAAS COBB
777 High Street, Suite 300
Eugene, Oregon 97401
Telephone: (541) 484-9292
Telefax: (541) 343-1206

Attorneys for Defendant Christopher J. Kayser

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

LAWRENCE JAMES SACCATO,

*Pro Se* Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION N.D., STEPHANIE BUCKLEY, CHRISTOPHER KAYSER and DOES 1 THROUGH 5,

Defendants.

**Case No. 6:13-cv-00173-AA**

**DEFENDANT CHRISTOPHER KAYSER'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**1. Plaintiff's claims alleged against Defendant Kayser.**

Plaintiff's claims arise out of a previous lawsuit he brought against US Bank in *Lawrence James Saccato v. U.S. Bank National Association, ND*, U.S. District Court Case No. 10-6244-HO ("the underlying lawsuit"). In this case plaintiff's complaint generally alleges that defendant placed plaintiff's Social Security Number and some credit card and bank account numbers in the public record by submitting a declaration with those numbers in support of a motion for summary judgment in the underlying lawsuit. Plaintiff alleges that by doing so, defendant violated the Fair Credit Reporting Act, federal civil rights statutes 42



USC § 1983, 1985 and 1986, Oregon Rule of Professional Conduct 8.4, and Federal Rule of Civil Procedure 5.2. (Complaint, pp 20-29.)

**2. Defendant inadvertently disclosed plaintiff's private information.**

The facts related to the disclosure of plaintiff's private information are set forth in Defendant Kayser's Declaration filed in support of this motion. As stated in his declaration, defendant represented US Bank in the underlying case, and filed a motion for summary judgment against plaintiff's claims. In that case plaintiff asserted that he did not "recall" having a credit card account with US Bank. To establish that plaintiff did in fact have several accounts with US Bank, defendant submitted the declaration of a US Bank vice president (Stephanie Buckley) which included information about plaintiff's accounts and checks written by plaintiff to US Bank. (Kayser Decl., ¶ 2, Ex. 1 (Redacted Buckley Decl.))

Unfortunately, by mistake defendant did not redact plaintiff's private information as required by FRCP 5.2. Upon learning of the mistake from the Clerk's office the next morning, defendant immediately filed a motion to seal the document, and submitted an amended declaration with the numbers redacted. It turned out, however, one account number, that was barely perceptible on one of the account statements, had been overlooked. When notified of the oversight by plaintiff, defendant again promptly filed a motion to seal and submitted amended documents that redacted all the private numbers.[1] (Kayser Decl., ¶¶ 3-4.)

/ / /

/ / /

/ / /

[1]When preparing this second motion to seal, defendant realized that the memorandum filed in support of US Bank's motion for summary judgment included one unredacted account number. That document was also sealed and an amended redacted memorandum was filed. (Kayser Decl., ¶ 4.)

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

**3. Defendant's conduct does not give rise to a cause of action by plaintiff.**

**a) There is no cause of action for violation of the Federal Rules of Civil Procedure.**

It is acknowledged that defendant did not initially redact plaintiff's private information as required by FRCP 5.2. But such "violation" does not give rise to a private right of action. *Good v. Khosrowshahi*, 296 Fed Appx 676, 680 (10th Cir 2008). In *Good* the plaintiff alleged that the defendant law firm had violated her privacy by filing a document with the court without redacting certain private information. The court summarily rejected the plaintiff's claim based on FRCP 5.2, by holding that "rules governing procedure in the federal courts do not give rise to private causes of action." *Id.* (citing, *inter alia*, *Living Designs, Inc. V. E.I. Dupont Nemours*, 431 F3d 353, 372 (9th Cir 2005); *see also In re Lenz*, 444 BR 832, 837 (Bankr D Or 2011)(no private right of action for violating similar Bankruptcy Rule requiring redaction of Social Security number in public court filings).

**b) There is no cause of action for violation of Oregon's Professional Rules of Responsibility.**

Plaintiff alleges that defendant violated the Oregon Rules of Professional Conduct. (Complaint, p 29, ¶ 133.) Even if defendant's conduct relating to the court filings in the underlying matter were somehow deemed a violation of Oregon's disciplinary rules (which defendant disputes), "conduct violating a disciplinary rule does not give rise to a private cause of action . . . ." *Welsh v. Case*, 180 Or App 370, 382 (2002)(citing *Bob Godfrey Pontiac v. Roloff*, 291 Or 318, 330 (1981)).

It is also worth noting that plaintiff filed a complaint with the Oregon State Bar relating to the conduct that is alleged in this lawsuit. The Bar investigated the matter and determined that defendant's actions were inadvertent, and concluded there was no basis to refer plaintiff's complaint to the Disciplinary Counsel's Office for further review. (Kayser Decl., ¶5, Exhibit 2.)

/ / /

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

**c) Plaintiff does not state a claim against defendant under the Fair Credit Reporting Act.**

As explained in Judge Hogan's Order granting summary judgment to US Bank in the underlying matter:

> The Fair Credit Reporting Act ("FCRA"), was enacted to "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." 15 U.S.C. §§ 1651-1651x; *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147- 53 (9th Cir. 2009). The FCRA regulates credit reporting agencies to guarantee that consumer information is assembled, evaluated, and disseminated with "fairness, impartiality, and a respect for the consumer's right to privacy." *Id.*
>
> The FCRA "imposes some duties on the sources that provide credit information to CRAs[.]" *Id.* These sources, which the statute refers to as "furnishers of information," are most commonly "credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." *Gorman*, 584 F.3d at 1154,n.3. It is undisputed that defendant US Bank is a furnisher under the FCRA.
>
> Furnishers of information are subject to two distinct categories of responsibilities under 15 U.S.C. §1681s-2. Actions under subsection (a) are limited to those initiated by state or federal agencies. 15 U.S.C. §1681s-2(d). Private causes of action are limited to claims arising under subsection (b), which states that a furnisher's relevant responsibilities are triggered by notice from a CRA informing the furnisher that a consumer disputes the information provided. 15 U.S.C. §1681s-2(b).
>
> To prevail on a claim against a furnisher, a consumer must first prove that the furnisher provided inaccurate information to the CRA. 15 U.S.C. §1681s-2(b). Next, the consumer must prove that once the CRA notified the furnisher of that dispute, the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information and that the consumer is therefore entitled to damages sustained as a result of the furnisher's conduct. *Gorman*, 584 F.3d at 1153-54; see also *Johnson v. Wells Fargo Home Mortg. Inc.*, 558 F.Supp..2d 1114, 1121 (D.Nev.2008). (Footnote omitted.)

*Lawrence James Saccato v. U.S. Bank National Association, ND*, U.S. District Court Case No. 10-6244-HO, Document 100.

Defendant is neither a "credit reporting agency" or a "furnisher of information." Defendant is an attorney in private practice who was representing his client when he submitted the documents to the court in support of his client's motion for summary judgment. (Kayser Decl. ¶¶ 1-2.) A careful review of the FCRA demonstrates that it includes no

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

provision that would have required defendant under these circumstances to redact plaintiff's private information, or impose liability for his failure to do so.

Based on plaintiff's explanation to the undersigned during the LR 7-1 conferral in advance of this motion, it is plaintiff's position that the FCRA required that his account numbers be "truncated" pursuant to 15 USC §1681c(g). That subsection provides in relevant part:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale transaction.

This subsection plainly only applies to merchants who provide printed sales receipts for a credit or debit card transaction to the cardholder at the time of the transaction, and regulates the content of those specific receipts. Here, defendant had not entered into any credit card transaction with plaintiff, and the records at issue were not sales receipts "provided to the cardholder at the point of [a] sale transaction." The documents inadvertently filed with the court included a credit card application by plaintiff, several account statements issued by US Bank to plaintiff, and checks written by plaintiff to US Bank. (Kayser Decl, Ex. 1 (Ex. B thereto).) Therefore, the truncation required by 15 USC §1681c(g) has no application to defendant's conduct at issue here, nor does any other provision of the FCRA.

**d) Plaintiff does not state a civil rights claim against defendant.**

Plaintiff alleges that defendant violated 42 USC §§ 1983, 1985(3) and 1986. (Complaint, ¶¶ 127-129.) Those claims fail, as a matter of law, as explained below.

**i) Defendant was not "acting under color of state law."**

To prove his claim under Section 1983, plaintiff must establish a "violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 108 Sct 2250, 2254-55 (1988); *Sykes v. State of California*, 497 F2d 197, 199-200 (9th Cir, 1974).

Based on plaintiff's conclusory allegations it is not clear which "right secured by the Constitution and laws of the United States" plaintiff claims was violated, but it is clear that plaintiff has not alleged, and cannot prove, that defendant was acting "under color of state law." It is well-settled that an attorney in private practice does not act under color of state law. *Simmons v. Sacramento County Superior Court*, 318 F3d 1156, 1160 (2003); *Szijarto v. Legman*, 466 F2d 864 (1972); *Rivera v. Diamond*, 2009 WL 5218044, *1 (ND Cal.); *see also Pugliano v. Staziak*, 231 FSupp 347, 355, fn 5 ("An attorney's status as an 'officer of the court' does not make him an officer of the Commonwealth of Pennsylvania or of any governmental subdivision thereof. He is just another private individual for purposes of §§ 1983 and 1985."), *aff'd per curiam*, 345 F2d 797 (3d Cir, 1965).

Because it cannot be disputed that defendant was acting as a private attorney when he submitted Ms. Buckley's declaration to the court, he was not acting under color of state law, and, therefore, plaintiff's Section 1983 claim fails as a matter of law.

**ii) Plaintiff cannot show that defendant acted with racial or class-based discriminatory animus toward plaintiff.**

For his Section 1985(3) claim plaintiff alleges that defendant conspired with Co-Defendant Buckley to deprive plaintiff "of the equal protection of laws, or of equal privileges and immunities under laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory the equal protection of the laws." (Complaint, ¶ 128.) The only conduct alleged against defendant and Ms. Buckley jointly is the submission of Ms. Buckley's declarations that included plaintiff's unredacted personal information.

A claim under Section 1985(3) requires that plaintiff allege and prove the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

United States." *United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 103 Sct 3352, 3356 (1983).

With respect to the second element, the Supreme Court has held that not only must the conspiracy "have at its purpose the deprivation of 'equal protection of the laws, or of equal privileges and immunities under laws,' but also must be motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* The Ninth Circuit requires that "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *McCalden v. California Library Associations*, 955 F2d 1214, 1223 (9th Cir., 1992).

Plaintiff's claim fails for several reasons. First, the intra-corporate conspiracy doctrine "provides that, as a matter of law, a corporation and its agents cannot conspire amongst themselves because they are one entity under the law and the acts of the agent are the acts of the corporation." *Whitfield v. Trade Show Services, LTD*, 2012 WL 693569, *4 (D Nev). Plaintiff alleges a conspiracy between Ms. Buckley, as a VP of US Bank, and defendant, as US Bank's attorney and agent, relating to their conduct in submitting Ms. Buckley's declarations in support of US Bank's motion for summary judgment in the underlying lawsuit. (Complaint, ¶¶ 88-126, and 128; *see also* Kayser Decl., ¶¶ 1-4.) Because the acts complained of by plaintiff were done between agents of US Bank, on behalf of US Bank, and in furtherance of the defense of US Bank in the underlying lawsuit, there can be no conspiracy, as a matter of law.

Second, plaintiff cannot offer any evidence that defendant's purpose in submitting Ms. Buckley's unredacted declarations was "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." The undisputed evidence is that the submission was a mistake. (Kayser Decl. ¶¶ 3-5.)



Third, the undersigned has previously met the plaintiff in person, and it cannot be disputed that he is a white male. Plaintiff has not alleged, and defendant submits that plaintiff cannot prove, that he is "a member of a class that requires special federal assistance in protecting its civil rights." Further, it is undisputed that defendant submitted Ms. Buckley's declaration for the purpose of supporting US Bank's motion for summary judgment in the underlying matter. (Kayser Decl. ¶ 2) The failure to redact plaintiff's personal information was an oversight. (*Id.*, ¶¶ 3-5.) Plaintiff cannot offer any evidence that defendant's actions were "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus."

For each of the foregoing reasons, plaintiff's Section 1985 claim fails as a matter of law. And, because "a claim under § 1986 can be stated only if the complaint contains a valid claim under § 1985," plaintiff's Section 1986 claim also fails, as a matter of law. *McCalden*, *supra*, 955 F2d at 1223.

**4. Conclusion.**

As set forth above, plaintiff cannot offer evidence which would sustain a valid cause of action against defendant. Defendant, therefore, respectfully requests that the court grant defendant's motion for summary judgment.

DATED this 12th day of April, 2013.

LUVAAS COBB
Attorneys for Defendant Christopher Kayser

By: /s/ David A. Jacobs
David A. Jacobs, OSB No. 942202
E-mail: djacobs@luvaascobb.com
Trial Attorney

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206