DAVID A. JACOBS, OSB No. 942202
djacobs@luvaascobb.com
LUVAAS COBB
777 High Street, Suite 300
Eugene, Oregon 97401
Telephone:  (541) 484-9292
Telefax: (541) 343-1206

    Attorneys for Defendant Christopher J. Kayser

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO,<br><br>    *Pro Se* Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION N.D., STEPHANIE BUCKLEY, CHRISTOPHER KAYSER and DOES 1 THROUGH 5,<br><br>    Defendants. | Case No. 6:13-cv-00173-AA<br><br>**DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**1.**  **Plaintiff's response fails to demonstrate questions of fact on any viable claim.**

    While it is true that a *pro se* litigant's response to a motion for summary judgment should be read liberally, as the party with the burden of proof he is not excused from the requirement that he set forth specific facts to support his claims. *Norman v. Experian Information Solutions, Inc.*, 2013 WL 1774625, *2 (ND Tex).  Plaintiff has not only failed to set forth specific facts that support his claims, plaintiff has ignored defendant's arguments



in support of his motion and has completely failed to demonstrate that he has any viable cause of action against defendant.

Sifting through plaintiff's response, it appears that he attempts to salvage three claims against defendant, 1) "Impermissible Pull During Litigation"; 2) "Title 42 Claims"; and 3) "FACTA OR FACT ACT Violations."  (Response, pp 8-10.)  None of these claims as described and supported by plaintiff can survive, as a matter of law.

    a.    **Impermissible Pull During Litigation.**

First, plaintiff has not alleged that defendant pulled his credit report during the underlying litigation.  (*See* Complaint, ¶¶88-130, 133-34.)  He only alleges that Co-Defendants US Bank and Stephanie Buckley pulled the credit report. (Complaint, ¶¶ 8 and 47.)  Second, plaintiff has only submitted evidence that US Bank pulled his credit report. (Sacatto Decl, ¶ 5 and LJSPE 0008-9.)  Third, Defendant Kayser denies that he has ever pulled plaintiff's credit report. (Kayser Decl, ¶ 6.)  Therefore, even if it were a violation of the FCRA to pull plaintiff's credit report, there is no evidence that Defendant Kayser did so.

Further, as demonstrated by Defendants US Bank and Buckley's Motion for Summary Judgment (which is hereby incorporated herein for this purpose), the pulling of plaintiff's credit report by the co-defendants was not a violation of the FCRA because the undisputed evidence is that it was done as part of a routine inquiry into plaintiff's credit information because he held a checking account with the bank.  In other words, it was done for a permissible purpose. (Doc #22, pp 9-12, and Doc #23.)

Because it was not a violation of the FCRA for the co-defendants to pull plaintiff's credit report, and, even if it were, there is no evidence that Defendant Kayser pulled the credit report, this claim fails as a matter of law.

/ / / /

/ / / /

DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT-2



LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

### b. Title 42 Claims.

Plaintiff apparently is attempting satisfy the "state actor" element of his "Section 1983 claim" by arguing that defendant is an "officer of the court", and, that, if plaintiff were allowed discovery, there may be some evidence that defendant "may" be somehow affiliated with the "DOJ." (Response, pp 9-10.)

The undisputed evidence, however, is that defendant was an attorney in private practice when he represented US Bank in the underlying lawsuit. (Kayser Decl, ¶¶ 1-4.) Moreover, while defendant previously worked for the United States Department of Justice, that employment terminated in October 2002. Since that time defendant has had no affiliation with the DOJ. Defendant confirms that all actions taken on behalf of US Bank in the underlying lawsuit were done as an attorney in private practice. (Supplemental Kayser Decl, ¶¶ 1 and 2.) As explained in defendant's memorandum of law, it is well settled that an attorney in private practice does not act under color of state law for purposes of 42 UCS § 1983. (Def. Memo. of Law, pp 5-6.)

Plaintiff has offered no response to defendant's arguments in support of his motion against plaintiff's Section 1985(3) or 1986 claims. (Def. Memo. of Law, pp 6-8.)

Because plaintiff has failed to present facts which would support a "Title 42 Claim" against defendant, the court should enter summary judgment in defendant's favor on these claims.

### c. FACTA OR FACT ACT Violations.

Although not alleged, plaintiff is now asserting the defendant is liable under the FCRA (as amended by Fair Credit and Accurate Transactions Act of 2003, Public Law 108-159) for violation of the so-called "Red Flags" regulations. (Response, pp 10-12.) Basically, these regulations require financial institutions and creditors to develop certain policies and

DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT-3



LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

procedures to protect their customers against identity theft. *See* 15 USC § 1681m(e); 16 CFR § 681.2.

Plaintiff argues that US Bank and Ms. Buckley "were in violation of FCRA/FACTA by not having the proper systems in place as required." (Response, p 11.) He then attempts to hold Defendant Kayser liable because defendant did not "make sure his employer was properly complying with the ACT as that was his defense position, that the Defendant U.S. Bank had the systems in place to prevent errors." (Response, p 12.)

First, there is no evidence that Defendant Kayser is a "financial institution" or a "creditor" that would be subject to the regulations. When the alleged conduct occurred, it is undisputed that defendant was an attorney in private practice representing his client US Bank in the underlying lawsuit. The "red flags" regulations do not apply to defendant. Second, even if plaintiff's convoluted theory that defendant was somehow responsible to ensure his client's compliance with the regulations, there is no private right of action available to plaintiff for a failure to comply with the regulations. 15 USC § 1681m(h)(8)(exclusive enforcement by federal agencies.)

Therefore, plaintiff's attempt to make out a claim against defendant for a purported violation of the "red flags" regulations, fails as a matter of law.

**2.    Plaintiff offers no response to defendant's arguments against his remaining claims.**

Plaintiff apparently has abandoned his theory stated to the undersigned that defendant is liable for failing to "truncate" his account numbers pursuant to 15 USC § 1681c(g). As he offered no response to defendant's argument, he concedes that the truncation requirement has no application to defendant's conduct at issue in this lawsuit. (*See* Def. Memo. of Law, pp 4-5.) Plaintiff also has not offered any response to defendant's arguments that no cause of action lies for an alleged violation of FRCP 5.2, or an alleged violation of Oregon's Rules

DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT-4



of Professional Responsibility, and, therefore, concedes that those claims must fail as a matter of law.  (*See* Def. Memo. of Law, p 3.)

**3.    Conclusion.**

Based on the record before this court, there are no issues of material fact which would preclude summary judgment against any claim that plaintiff has attempted to allege in his complaint, or that he otherwise has argued exists in his response to defendant's motion. Therefore, defendant respectfully requests that his motion be allowed and that plaintiff's complaint be dismissed as to defendant.

DATED this 24th day of May, 2013.

        LUVAAS COBB
        Attorneys for Defendant Christopher Kayser

        By: /s/ David A. Jacobs
          David A. Jacobs, OSB No. 942202
          E-mail: djacobs@luvaascobb.com
          Trial Attorney

DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT-5

LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

DAVID A. JACOBS, OSB No. 942202
djacobs@luvaascobb.com
LUVAAS COBB
777 High Street, Suite 300
Eugene, Oregon 97401
Telephone: (541) 484-9292
Telefax: (541) 343-1206

    Attorneys for Defendant Christopher J. Kayser

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO,<br><br>    *Pro Se* Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION N.D., STEPHANIE BUCKLEY, CHRISTOPHER KAYSER and DOES 1 THROUGH 5,<br><br>    Defendants. | Case No. 6:13-cv-00173-AA<br><br>SUPPLEMENTAL DECLARATION OF CHRISTOPHER J. KAYSER IN SUPPORT OF DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    I, CHRISTOPHER J. KAYSER, make the following declaration to the U.S. District Court for the District of Oregon.

    1.    I was last employed by the United States Department of Justice (DOJ) in October 2002. I have had no affiliation with the DOJ since that time.

    2.    All actions in the underlying lawsuit taken by me on behalf of U.S. Bank were as an attorney in private practice for the law firm of Larkins Vacura LLP.

///

SUPPLEMENTAL DECLARATION OF CHRISTOPHER J. KAYSER IN SUPPORT OF DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THIS __24TH__ DAY OF MAY, 2013.

                                    /s/ Christopher J. Kayser
                                Christopher J. Kayser, OSB No. 984244

SUPPLEMENTAL DECLARATION OF CHRISTOPHER J. KAYSER IN SUPPORT OF DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with **SUPPLEMENTAL DECLARATION OF CHRISTOPHER J. KAYSER IN SUPPORT OF REPLY** on:

> Lawrence James Saccato
> c/o 6387 Old Hwy 99S
> Roseburg, OR 97471
> *Pro Se* Plaintiff

by the following indicated method or methods:

__X__ By **mailing** a full, true, and correct copy thereof in a sealed, first-class postage prepaid envelope, addressed to the attorney(s) as shown above, at the last known office address of the attorney(s), and deposited with the United States Postal Service at Eugene, Oregon, on the date set forth below.

____ By depositing with **B & J/Barristers Aide** for hand-delivery a full, true, and correct copy thereof in a sealed envelope, addressed to the attorney(s) as shown above, at the last known office address of the attorney(s) on the date set forth below.

____ By causing a full, true, and correct copy thereof to be **hand-delivered** to the attorney(s) at the attorney's last known office address listed above on the date set forth below.

____ By sending a full, true, and correct copy thereof via **overnight courier** in a sealed, prepaid envelope, addressed to the attorney(s) as shown above, at the last known office address of the attorney(s), on the date set forth below.

____ By **faxing** a full, true, and correct copy thereof to the attorney(s) at the fax number(s) shown above, which is the last known fax number for the attorney's office, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed, according to the attached transmission report(s).

DATED this __24th__ day of May, 2013.

> LUVAAS COBB
> Of Attorneys for Defendant Christopher Kayser
>
>
> /s/ David A. Jacobs
> David A. Jacobs, OSB No. 942202



LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
**Phone:** 541-484-9292
**Fax:** 541-343-1206