UNITED STATES DISTRICT COURT
FOR OREGON
EUGENE DIVISION

FILED 05 JUN '13 11:02 USDC-ORE

HONORABLE ANN AIKEN

| | |
|---|---|
| **LAWRENCE JAMES SACCATO** § <br> Plaintiff ProSe' § <br> § <br> Vs. § <br> § <br> § <br> **U.S. BANK NATIONAL ASSOCIATION N.D.,** § <br> Defendant § <br> § <br> **STEPHANIE BUCKLEY,** § <br> Co-Defendant § <br> § <br> **CHRISTOPHER KAYSER,** § <br> Co-Defendant § <br> § <br> Does 1 through 5 § | Case No: 6:13-CV-00173-AA <br><br> PLAINTIFF'S REPLY AND REBUTTAL TO DEFENDANT CHRISTOPHER KAYSER'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

(1)

Plaintiff hereby disputes the accuracy of Defendant Kayser's reply to Plaintiff's response and opposition to Defendant's motion for summary judgment. Defendant attempts to try and distance himself from the violations committed while himself and others were actively defending U.S. Bank for violations of the FCRA.

a.  **Impermissible Pull During Litigation**

Plaintiff's credit report was accessed illegally and without his permission on or about February 1, 2011 while litigation was pending. Plaintiff has not been allowed proper discovery to determine precisely who were the parties responsible for the impermissible pull. Defendant Kayser who was one of the attorneys representing U.S. Bank. While Mr. Kayser may deny that he ever pulled Plaintiff's credit report, he very well could have requested his client to illegally access the Plaintiff's report during litigation.

Page -1-

Mr. Kayser's attorney Mr. Jacobs improperly testifies " In other words, it was done with a permissible purpose. (Doc #22, pp 9-12, and Doc #23)." Plaintiff categorically disputes and rebuts the Declaration of Richard Martino, and supports the rebuttal with the exhibits included in the Declaration of Lawrence James Saccato (PE A pp. 1-6), incorporated herewith.

Worthy of notation: "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647. Trinsey v Pagliaro, D.C. Pa. 1964, 229 F.Supp. 647.

"Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." The Court should be mindful that the motion for summary judgment is argued by the opposing attorney Mrs Donegan, who is not allowed to testify on the facts of the case.

b.          **Federal Jurisdiction & Case Law Impermissible Purpose**

In the 1990 Commentary on the FCRA, the Federal Trade Commission ("Commission") stated that "[t]he possibility that a party may be involved in litigation involving a consumer does not provide a permissible purpose for that party to receive a consumer report on such consumer . . . because litigation is not a 'business transaction' involving the consumer." 16 C.F.R. § 600 App., 55 Fed. Reg. 18804, 18816 (May 4, 1990) (Emphasis added).

The Federal Jurisdiction of this Court and the Findings of the Federal courts below are as follows. Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978) (Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.);

Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in litgation); Duncan v. Handmaker, 149 F.3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation); Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same); Auriemma v. Montgomery, 860 f.2d 273, 279, 280-281 (7th Cir. 1998) (extra-judicial Investigation by attorneys improper; no privilege);

Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper); Boothe v. TRW Credit Data, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); Rylewicz v. Beaton Services, Ltd., 698 F. Supp.. 1391, 1400 n. 10 (N.D. Ill. 1988), aff'd 888F.2d 1175, 1181 (7th Cir. 1989); Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).

See Exhibits "PE A1-2" attached to the Declaration of Lawrence James Saccato in Opposition of Defendants motion for summary judgment, which shows the Defendant AR-US Bank NA in the Equifax report, dated May 10, 2011 and this shows how now, AFTER litigation has commenced, the Defendant accessed the Plaintiff s report. Therefore, Defendant has again broken the law by obtaining Plaintiffs information under false pretenses [15 U.S.C. g 1681q] which is fineable under title 18, United States Code, *and subject to imprisonment for not more than 2 years, or both*. Additionally, Defendant has also broken the law by pulling Plaintiff's credit report during litigation.

### **FACTA or FACT ACT Violations**
(2)

While Defendant Kayser has already admitted to placing Plaintiff's private information into the public record on more than one occasion, Defendant Stephanie Buckley while employed by Defendant U.S. Bank also violated FACTA or the FACT Act by wilfully and negligently bypassing the identity theft protection procedures required to be in full force and effect by him and his employer U.S. Bank. FACTA went into effect in December 2003 and amended the Federal Fair Credit Reporting Act (FCRA) in a number of ways. These new regulations went into effect on November 1, 2008 and require the creation of a number of new policies and procedures for specified entities.

The requirements under the FCRA that require the financial institution and creditor to develop and implement an identity theft prevention program including policies and procedure for detecting, preventing, and mitigating identity theft in connection with account openings and existing accounts. The regulations include guidelines listing patterns, practices, and specific forms of activity that should raise a "red flag" signaling a possible risk of identity theft.

Under the regulations, an identity theft prevention program established by a financial institution or creditor would have to include policies and procedures for detecting any "red flag" relevant to its operations and implementing a mitigation strategy appropriate for the level of risk.

There are not any provisions in the Act that exclude the Defendant's single or multiple alleged "inadvertent errors" or exclusions because "unfortunately by mistake" the Defendant's U.S. Bank and Stephanie Buckley by and through their employee Christopher Kayser placed the Plaintiff's private information into the public record". It is just the opposite, the reason that Congress enhanced the FCRA with additional FACTA requirements was due to the blatant disregard for the requirements of protecting the consumers private information and guarding such information from identity theft. Federal common law hold that corporate officers are personally liable for their torts even if the torts were committed on behalf of the corporation. See, e.g., Wyatt v. Union Mortgage Co., 24 Cal.3d 773, 785, 157 Cal.Rptr. 392, 598 P.2d 45 (1979); Transgo, Inc. v. AJAC Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir.1985).

Defendant Mr. Kayser, a well seasoned attorney, who was one of the attorneys representing U.S. Bank in the underlying law suit for FCRA violations, admitted to failing to redact the Plaintiff's sensitive information prior to filing it into PACER, not once but twice. It was his responsibility as an employee of U.S. Bank to comply with the FACTA provisions of the FCRA, 15 U.S.C. §§ 1681(n) and 1681(o) thus wilful and negligent non-compliance. *Hahn v. Satullo, No. 01-CV-007246 . Refusing to immunize an attorney and his law firm against a federal statutory claim*, the court stated on pages three and four of its opinion: Initially, Defendants argue that since their acts were performed as attorneys attempting to represent their clients, they possess either absolute or qualified immunity. However, given the *supremacy of federal law,* or qualified immunity can enable Defendants to avoid liability under the [*Fair Credit Reporting Act*].

(3)

### The Standard for Dismissal Pursuant to Summary Judgment under Rule 56

Summary judgment may be granted only "[I ]f **after discovery**, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.' " Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex, 477 U.S. at 323).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the <u>pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits</u>, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986).

Plaintiff has not been allowed interrogatories, admissions or depositions of the Defendant's or properly identify Does 1 thru 5 as this case is in its infancy. Plaintiff will submit evidence herewith establishing genuine issues as to material facts that can only be properly resolved by a finder of fact. The "surrounding circumstances" may include a defendant's awareness of the problems and failure to take any corrective action, both of which are present here. See, e.g., Coughlin v. Tailhook Assn.,112 F.3d 1052, 1057 (9th Cir. 1997)

Rule. 56. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A trial judge may, therefore, grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250.

Haines v. Kerner, 404 U.S. 519 (1972) "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers." And; Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233 Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers; And; Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938) "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

(4)
## Conclusion

Plaintiff respectfully asserts that Defendant Christopher Kayser's motion for summary judgment is premature and does not meet the threshold required for the granting of a Summary Disposition of this matter. The evidentiary material shows that there are genuine issues of material fact that need to be adjudicated by a jury of the Plaintiff's peers. The motion should be denied. In the alternative at minimum such motion should held in abeyance or stayed until proper discovery can be completed pursuant to FRCP 56(4)(d)(1)(2).

The Plaintiff respectfully moves the court to Deny the Defendant U.S. Bank and Stephanie Buckley's Motion for Summary Judgment, and move the case forward to Rule 16 scheduling and Rule 26(f) discovery in this matter.

Executed this ___3rd___ day of June, 2013.

                                                            *Lawrence Saccato*
                                                            Lawrence James Saccato pro se'
                                                            C/o 6387 Old Hwy 99 S
                                                            Roseburg Oregon 97470
                                                            541-784-2284 mess.
                                                            Ljsaccato@gmail.com