**William L. Larkins, Jr.**, OSB #812882
wlarkins@larkinsvacura.com
**Bridget M. Donegan**, OSB #103753
bdonegan@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:   503-827-7600

Attorneys for Defendants U.S. Bank National
Association, N.D. and Stephanie Buckley

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **LAWRENCE JAMES SACCATO,** | Case No. 6:13-cv-00173-AA |
| Plaintiff, | |
| v. | |
| **U.S. BANK NATIONAL ASSOCIATION, N.D., STEPHANIE BUCKLEY, CHRISTOPHER KAYSER, DOES 1 THROUGH 5,** | DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, N.D. AND STEPHANIE BUCKLEY'S RESPONSE TO MOTION TO STRIKE DECLARATION OF RICHARD MARTINO |
| Defendants. | |

Defendant U.S. Bank National Association, N.D. ("U.S. Bank" or "the bank") and its employee Stephanie Buckley (collectively, "Bank Defendants") hereby respond to Plaintiff's Motion to Strike Declaration of Richard Martino ("Motion to Strike") and object to the Declaration of Lawrence James Saccato in Support of Plaintiff's Motion to Strike the

Declaration of Richard Martino ("Saccato Declaration"). The Saccato Declaration relies on documents inadmissible on both authentication and hearsay grounds, and therefore fails to satisfy the requirements of Federal Rule of Civil Procedure 56(c). Even if the Court considers the Saccato Declaration, however, it fails to raise any question of fact as to the truthfulness of the Declaration of Richard Martino ("Martino Declaration"). Bank Defendants object to this Court's consideration of Saccato's declaration in support of his Motion to Strike, oppose the motion as groundless, and request the Court enter summary judgment in favor of Bank Defendants.

## I. Background

Saccato brought this suit against Bank Defendants alleging several violations of the Fair Credit Reporting Act ("FCRA") and of federal civil rights laws. One of Saccato's FCRA claims is that Bank Defendants obtained Saccato's credit information for an improper purpose during earlier litigation between the parties. (Dkt. 1 (Complaint), ¶¶ 8, 47.) Bank Defendants have moved for summary judgment against the entire Complaint. (Dkt. 24.) With respect to the merits of the FCRA claim described, Bank Defendants have explained that the credit inquiry had a lawful purpose under the FCRA. (Dkt. 24, p. 9-12.) Specifically, the bank had "a legitimate business need for the information to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F)(ii); (*see* Dkt. 24, p. 9-12 (making argument).) Bank Defendants have explained that the credit inquiry complained of by Saccato was an "account review inquiry" fitting that description, and supported their explanation with the declaration of Richard Martino, Senior Vice President of Market Analytics & Performance Solutions for U.S. Bank. (*See* Dkt. 23 (Martino Decl.).) Martino states, under penalty of perjury, that based on the bank's records, the February 1, 2011, credit inquiry challenged by Saccato "was to determine whether Mr. Saccato continued to meet the risk-based

terms of his checking account with U.S. Bank." (*Id*. at ¶ 8.)

Saccato has moved to strike Martino's declaration on the basis that it is inconsistent with documents he states are true and correct copies of his credit report, allegedly obtained by him on three different dates from the credit reporting agencies Transunion and Equifax. (Dkt. 27, ¶ 2-4.) Bank Defendants oppose Saccato's motion on the basis that his declaration does not "set out facts that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(4) (stating requirements for a declaration used to oppose a summary judgment motion). Saccato has yet to present any factual issue as to the legality of the challenged credit inquiry on February 1, 2011, and Bank Defendants' summary judgment motion should be granted as a result.

## II.  Argument

Saccato states in his declaration that he "believe[s] that portions of Mr. Martino's declaration are erroneous, inaccurate and untruthful," citing in support six pages attached to his declaration, which he purports to be copies of his credit report. (Dkt. 27, ¶ 8.) Those documents would not be admissible in evidence, as required by Rule 56(c) for at least two reasons: they are not authenticated and they are hearsay. *See Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (affirming exclusion of evidence offered in opposition to summary judgment motion where exhibits were "inadmissible due to inadequate authentication or hearsay").

**A.  The exhibit to Saccato's declaration is inadmissible because it is not authenticated.**

"[U]nauthenticated documents cannot be considered in a motion for summary judgment." *Id*. (citing cases). Evidence offered on a summary judgment motion may be authenticated through the personal knowledge of the declarant if the declarant is "a person through whom the exhibits could be admitted into evidence." *Id*. at 774; *see also* Fed. R. Civ. P. 56(c)(4) (requiring declaration be made "on personal knowledge" showing that the "declarant is competent to testify

on the matters stated"). To authenticate evidence, the declarant must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

Saccato claims he "obtained a copy of" his credit report on three separate occasions, twice from Equifax and once from Transunion, and that the exhibit to his declaration contains copies of those three credit reports. (Dkt. 27, ¶ 2-4.)[1] He states that the exhibit shows that U.S. Bank either did or did not access his credit report during particular time periods. (*Id*.) However, Saccato is not competent to testify as to the content of his exhibit. He identifies himself only as the plaintiff in this lawsuit who "obtained" the documents on various dates from third parties to this suit. (*Id*. at ¶ 1-4.) That is not sufficient authentication. *See Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir. 1993) ("Conclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient.").

Plaintiff's statement that the documents are "true and correct copies" does not provide authentication because Saccato lacks personal knowledge of the documents' authenticity—he was not involved in creating them and he exhibits no knowledge of their origination or meaning. *Orr*, 285 F.3d at 774 (statement that deposition transcript excerpt is "true and correct copy does not provide authentication" where affiant "lacks personal knowledge" of the deposition); *Hal Roach Studio, Inc. v. Richard Feiner & Co.*, 896 F.32d 1542, 1551 (9th Cir. 1990) (corporate counsel lacks personal knowledge of corporation's statement to federal regulators where counsel

---

[1] Saccato calls the exhibit "Exhibit PE A." For ease of reference, Bank Defendants simply refer to it as "the exhibit." In his declaration, Saccato identifies pages 3-4 of the attached exhibit twice, and fails to identify pages 5-6. (Dkt. 27, ¶ 3 (describing p. 3-4 as a credit report obtained from Transunion on December 9, 2010); *id*. at ¶ 4 (describing p. 3-4 as a credit report obtained from Equifax on April 14, 2010).) Based on the appearance of the exhibit and the order in which the pages are described in the declaration, Bank Defendants assume that Saccato intended to identify pages 5-6 of the attached exhibit in paragraph 4 of his declaration as copies of a credit report obtained from Equifax on April 14, 2010.

CERTAIN DEFENDANTS' RESPONSE TO MOTION TO STRIKE                    Page 4
DECLARATION OF RICHARD MARTINO

"did not prepare or file" the statement or "explain where the attached copy … originated"); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) ("It is not enough that [declarant] characterizes the [exhibit] as a 'true and correct copy.' A writing is not authenticated simply by attaching it to an affidavit[.] … The foundation is laid for receiving a document into evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document, and, where appropriate, its delivery.") (internal citations omitted).

Furthermore, the documents are not self-authenticating. *See* Fed. R. Evid. 902 (listing twelve items of self-authenticating evidence). They are alleged to be records "obtained" from private parties and they contain absolutely no indication of inherent authenticity. At least one page appears to be downloaded from a private website, which is not self-authenticating. (Dkt. 27, Ex. PE A, p. 4.) *Martinez v. America's Wholesale Lender*, No. 10-15843, 446 Fed. Appx. 940, 944, 2011 U.S. App. LEXIS 16966, *6 (9th Cir. 2011) ("[D]ocuments from private websites … are not self-authenticating.") (citing cases).

Saccato has failed entirely to lay a foundation to establish the authenticity of the documents attached to his declaration. Those documents should not be considered by the Court.

**B. The exhibit to Saccato's declaration is inadmissible hearsay.**

Even if Saccato's exhibit was authenticated, it is inadmissible hearsay. Saccato offers the supposed credit report excerpts for the truth of their content—to prove that the bank did not access Saccato's credit at the times shown because the credit reporting agencies' documents allegedly state otherwise. *See* Fed. R. Evid. 801 (hearsay includes written assertion offered to prove the truth of the matter asserted). There is no applicable hearsay exception. *See*, *e.g.*, Fed. R. Evid. 803(7) (to admit hearsay evidence of an absence of a record of a regularly conducted

activity, there must be other evidence "admitted to prove that the matter did not occur or exist," among other requirements). If indeed the pages attached to his declaration are business records of a third-party business, none of the building blocks to establish admissibility under the business records hearsay exception are in Saccato's declaration. *See* Fed. R. Evid. 803(6) (business records exception).

The thread of Saccato's argument appears to be that Mr. Martino is untruthful because of the out-of-court statements (intended by Saccato as proof of a negative assertion—the fact that something supposedly did *not* happen) contained in the documents attached to Saccato's declaration. This is highly attenuated inadmissible hearsay. Saccato's declaration should not be considered by the Court because it is based on inadmissible hearsay and therefore does not "set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4).

**C. Saccato has not raised a genuine issue of fact as to the truth of Martino's Declaration.**

Saccato's position is that Martino must have been lying when he stated that U.S. Bank makes account review inquiries six times per year because Saccato does not see corresponding credit inquiries on his credit reports from Equifax and Transunion. Therefore, in his view, the February 1, 2011, credit inquiry by U.S. Bank must have been for an impermissible purpose.

As an initial matter, Saccato's Declaration inaccurately describes the content of the exhibit. He states that his April 14, 2010, credit report from Equifax "showed no inquiry by U.S. Bank," but in fact it appears to show such an inquiry. (Dkt. 27, ¶ 5; *id*. at Ex. PE A, p. 5 (showing "AR-US Bank Na" on April 6, 2010).) That representation undermines his credibility as to the substance of the documents, which appear to be excerpts of larger documents. (*Id*. at Ex. PE A, p. 1 ("Page 3 of 14"); *id*. at Ex. PE A, p. 2 ("Page 10 of 14"); *id*. at Ex. PE A, p. 4 ("12 of 14"); *id*. at Ex. PE A, p. 5 ("Page 13 of 18"); *id*. at Ex. PE A, p. 6 ("Page 14 of 18").) Also,

although the second page of the alleged Transunion report appears to be obtained from a website, the first page contains no such identifying material.  (*Id*. at Ex. PE A, p. 3-4.)  Saccato's Declaration does not raise a *genuine* dispute as to the accuracy of Martino's declaration.

Furthermore, even if Saccato could overcome the evidentiary deficiencies in his exhibit, his vague speculations about the possible significance of the *absence* of credit inquiries on his 2010 Transunion credit report do not call into question the accuracy of Martino's declaration, or the permissibility of the 2011 inquiry at issue.[2]  Martino explained that the bank accessed Saccato's credit on February 1, 2011, as part of a routine account review inquiry.  (Dkt. 23.)  The exhibit to Saccato's declaration shows that, indeed, account review inquiries are a regular practice performed by businesses, and Equifax displayed the challenged inquiry on his report as "AR."  (Dkt. 27, Ex. PE A, p. 3 (describing account review inquiries); p. 2 (displaying account review inquiry at issue).)  Martino's declaration is not undermined in any way by the exhibit to Saccato's declaration.

Saccato has presented no evidence of an impermissible purpose for the February 1, 2011, credit inquiry, which is his burden as the plaintiff in this case.  Even assuming that he obtained his credit report from Transunion in December 2010 and did not see any account review inquiries by the bank, there remains no question of material fact as to any impermissible purpose

---

[2]  In his declaration, Saccato disputes Martino's statement that "[a]n account review inquiry appears on a customer's credit report only when the report is reviewed by the customer."  (Dkt. 26, p.2.)  Saccato has no grounds to dispute that statement, the substance of which was that account review inquiries do not appear on credit reports when viewed by third parties, only when viewed by the debtor:  "Account review inquiries do not provide the bank the customers' full credit reports, do not affect customers' credit scores, and do not appear on customers' credit reports *when viewed by other businesses*.  An account review inquiry appears on a customer's credit report *only when the report is reviewed by the customer*."  (Dkt. 23, ¶ 5 (emphasis added).)  That is consistent with statements Saccato attributes to Transunion in his declaration.  (Dkt. 27, Ex. PE A, p. 3 ("These inquiries are not displayed to anyone but you and will not affect any creditor's decision or any credit score.").)

for the February 1, 2011, inquiry because the *only* evidence regarding that challenged inquiry is that it was permissible.

## III.  CONCLUSION

For the reasons stated, Bank Defendants request that this Court deny Saccato's Motion to Strike.  It is based on a declaration that does not satisfy the requirements of Rule 56(c), and presents no reason to doubt the truthfulness and accuracy of Martino's declaration.  Because Saccato has failed to properly address Bank Defendants' assertion of facts as required by Rule 56(c), Bank Defendants respectfully request the Court grant their motion for summary judgment pursuant to Rule 56(e).

Dated:  June 17, 2013.

>
> LARKINS VACURA LLP
>
> /s/ Bridget M. Donegan
> William L. Larkins, Jr., OSB #812882
> wlarkins@larkinsvacura.com
> Bridget M. Donegan, OSB #103753
> bdonegan@larkinsvacura.com
> Attorneys for Defendants U.S. Bank and Stephanie Buckley

## CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the within action. I am employed in Multnomah County, State of Oregon, and my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On June 17, 2013, I served the following document(s):

**DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, N.D. AND STEPHANIE BUCKLEY'S RESPONSE TO MOTION TO STRIKE DECLARATION OF RICHARD MARTINO**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☒ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☐ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Bridget M. Donegan
Bridget M. Donegan

Lawrence James Saccato
6387 Old Hwy 99S
Roseburg Oregon 97470
  Plaintiff *pro se*

Page 2 – Certificate of Service