UNITED STATES DISTRICT COURT
FOR OREGON
EUGENE DIVISION

FILED 26 JUN '13 10:25 USDC-ORE

HONORABLE JUDGE ANN AIKEN

| | | |
|---|---|---|
| **LAWRENCE JAMES SACCATO** <br> Plaintiff ProSe' | § § § | Case No: 6:13-CV-00173- AA |
| Vs. | § § § | PLAINTIFF'S MEMORANDUM TO THE COURT WITH SUPPLEMENTAL INFORMATION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT |
| **U.S. BANK NATIONAL ASSOCIATION N.D.,** <br> Defendant | § § § § | |
| **STEPHANIE BUCKLEY,** <br> Co-Defendant | § § § | |
| **CHRISTOPHER KAYSER,** <br> Co-Defendant | § § § § | |
| Does 1 through 5 | § | |

**MEMORANDUM TO THE COURT WITH SUPPLEMENTAL INFORMATION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**HISTORY**

May it please the Court, Plaintiff hereby submits this memorandum to assist the Court in determining the outcome of this dispute currently before it. Defendants, U.S. Bank and Stephanie Buckley have a motion for summary judgment before the Court, Doc. #22. The Motion for summary judgment relies upon a declaration from Richard Martino, Doc. #23.

Plaintiff has filed a motion to strike Doc. #26, in total or partial statements of Mr. Martino as untruthful, specifically but not limited to his statements " U.S. Bank made an account review inquiry into Mr. Saccato's credit information on February 1, 2011. The inquiry was part of the automated process described above that occurs six times per year for all of U.S. Bank's checking account customers". Plaintiff also disputed the allegations of Mr. Martino that the bank has an automated process that conducts review inquiries six times per year.

Plaintiff provided evidence directly from his credit reports for a period of time on or about 07/2009 thru 02/01/2011. These records do not show the Defendants alleged inquiries 6 times annually indicating that certain statements of Mr. Martino in his declaration were untruthful.

The only notation in Plaintiff's credit report of the Defendant doing an inquiry into the Plaintiff's credit report is on 2/11/11, well after litigation had commenced which is a violation. See Slantis v. Capozzi & Assocs., P.C., U.S. Dist. M.D. Pa. Aug. 10, 2010. In this case, an adverse party pulled a consumer credit report in the course of litigation in preparation for filing a new complaint. The Court held that Summary Judgment was proper as a remedy for willful violation of the Fair Credit Reporting Act. Further, the Court held: "The Third Circuit overwhelmingly supported the proposition that obtaining a consumer report in preparation for litigation is not a legitimate business need under the FCRA." And,

The Federal jurisdiction of this Court and the Findings of the Federal courts below are as follows. Rice v. Montgomery Ward & Co., Inc. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978) (Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.); And,

Bils v. Nixon, Hargrave, Devans & Doyle, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information which might be used in litgation); Duncan v. Handmaker, 149 F.3d 424, 426-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation); Bakker v. Mckinnon, 152 F.3d 1007, 1011-12 (8th Cir. 1998) (same); Auriemma v. Montgomery, 860 f.2d 273, 279, 280-281 (7th Cir. 1998) (extra-judicial Investigation by attorneys improper; no privilege); And,

Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper); Boothe v. TRW Credit Data, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); Rylewicz v. Beaton Services, Ltd., 698 F. Supp.. 1391, 1400 n. 10 (N.D. Ill. 1988), aff'd 888F.2d 1175, 1181 (7th Cir. 1989); Houghton v. N.J. Maunfacturer's Ins. Co., 795 F.2d 1144, 1149 (3d Cir. 1986) (obtaining report after litigation for use in litigation improper).

The Defendant's counsel has filed a response challenging the evidence submitted in the Plaintiff's motion to strike the declaration of Richard Martino. The Plaintiff has also filed an opposition to Defendants motion for summary judgment Doc. #31 detailing the violations and the federal jurisdiction in this matter.

## CONCLUSION

Plaintiff is willing to come to the table and have the Defendant's properly identify anywhere in his credit report where the alleged 6 automated inquiries per year are actually listed. If the Defendant's can show evidence of the alleged inquiries in any of the Plaintiff's credit reports besides the 2/01/2011 pull after litigation commenced, the Plaintiff will withdraw his motion to strike the declaration of Richard Martino, and very likely voluntarily drop this claim out of the pending lawsuit.

Respectfully submitted this 25th day of February, 2013.

*Lawrence Saccato*
Lawrence James Saccato pro se*
C/o 6387 Old Hwy 99 S
Roseburg Oregon 97470
541-784-2284 mess.
ljsaccato@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Plaintiff's Memorandum to the Court for Case # 6:13-cv-00173-AA, was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

David A. Jacobs
LUVAAS COBB
777 High Street Ste 300
Eugene, Oregon 97401

William L. Larkins, Jr.
Larkins Vacura LLP
621 SW Morrison St. Suite 1450
Portland, Oregon 97205

They were deposited in the United States Post Office in Roseburg, Oregon on June 24, 2013.

*LAWRENCE SACCATO*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com