**William L. Larkins, Jr.**, OSB #812882
wlarkins@larkinsvacura.com
**Bridget M. Donegan**, OSB #103753
bdonegan@larkinsvacura.com
Larkins Vacura LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:   503-827-7600
    Attorneys for Defendants U.S. Bank
    National Association, N.D. and Stephanie
    Buckley

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **LAWRENCE JAMES SACCATO,** | Case No. 6:13-cv-00173-AA |
| Plaintiff, | |
| v. | U.S. Bank's and Stephanie Buckley's |
| **U.S. BANK NATIONAL ASSOCIATION, N.D., STEPHANIE BUCKLEY, CHRISTOPHER KAYSER, DOES 1 THROUGH 5,** | REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| Defendants. | |

### INTRODUCTION

There is no genuine issue of fact material to the legal issues in this case.  Defendants U.S. Bank National Association, N.D. ("U.S. Bank") and Stephanie Buckley (collectively, "Bank Defendants"), while defending an earlier suit brought by plaintiff Lawrence James Saccato, are

alleged to have accessed his credit information and provided documents to their litigation counsel containing Saccato's personal information. Contrary to Saccato's assertions, the Fair Credit Reporting Act ("FCRA") does not prohibit that conduct. Furthermore, Saccato's attempt to make the same FCRA claims against the bank during earlier litigation bars him from bringing those claims here.

## DISCUSSION

**I.  Claim preclusion applies because Saccato could have amended his complaint in the underlying litigation to add his FCRA claims, but he did not do so.**

Saccato does not dispute that he brought the same FCRA claims in summary judgment motions in the underlying litigation. (Dkt. 31, p. 9 ("Although the issues were presented to illustrate the continued willful and negligent violations and disregard for the FCRA in the form of a summary judgment [motion], they were disregarded because they were not present in the original complaint and were not adjudicated on their merits."); *see also* Dkt. 24, Bank Defendants' Memorandum in Support of Motion for Summary Judgment, p. 5-7 (referencing Saccato's multiple summary judgment motions in which he made identical FCRA claims).) According to Saccato, claim preclusion does not apply because he failed to amend his complaint to add the claims, raising them only in summary judgment motions. (Dkt. 31, p. 9.) That is not the law. *Zavala v. Curtright*, No. 6:12-cv-1488-AA, 2012 U.S. Dist. LEXIS 161108, *6 (D. Or. 2012) ("Claim preclusion prohibits an action on any claims that were raised *or could have been raised* in a prior action …") (emphasis added).

In the underlying litigation, Saccato asked the court to rule on the merits of the same FCRA claims against the same defendants, but the court considered only those claims raised in Saccato's complaint. Saccato asserts that he "was denied leave to amend due to Judge Hogan granting summary judgment." (Dkt. 31, p. 2.) However, the docket in the underlying litigation

reflects an amended complaint filed by Saccato on February 22, 2011, which does not raise the FCRA claims, and a summary judgment motion filed by U.S. Bank almost nine months later, in November 2011, with no request for leave to amend in the interim. (Case 6:10-cv-06244-HO, Dkt. 21; *id*., Dkt. 47.) Saccato's FCRA claims are barred by claim preclusion.

## II.     The FCRA does prohibit lawful credit inquiries during litigation.

Saccato argues that his "credit report was accessed during litigation, which is … a violation of the FCRA." (Dkt. 31 p. 6.) Without any legal authority, Saccato seeks to impose strict liability under the FCRA. That is incorrect. Absent a court order or a request by the consumer, the lawfulness of a credit inquiry under the FCRA turns entirely on the intent of the person making the inquiry. *See* 15 U.S.C. § 1681b(a)(3) (providing lawful purposes for accessing consumer reports); *Trikas v. Universal Card Services*, 351 F. Supp. 2d 37, 42 (E.D. NY 2005) (dismissing plaintiff's claims that bank violated the FCRA by inquiring into his credit history when "his account should have been closed;" noting, "[p]laintiff's argument overlooks the plain language of the [FCRA], which focuses on the *intent* of the party obtaining the consumer report.") (emphasis added). A credit inquiry is lawful if it is made for a lawful purpose. There is no different rule for parties to litigation. As discussed below, the only admissible evidence in the record establishes a permissible purpose as a matter of law.

Saccato cites several authorities for the proposition that the threat or presence of litigation alone does not provide a permissible purpose for accessing a consumer report. (Dkt. 31, p. 7-10.) The Ninth Circuit has held that obtaining an opposing litigant's credit report only in preparation for or anticipation of litigation is not a permissible purpose under the FCRA. *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1990). Nothing in the FCRA, however, prohibits a person

from accessing an opposing litigant's credit information for a lawful purpose.[1]  As the Court in *Mone* explained, litigation preparation is not a legitimate purpose simply because it is not provided for in any of the purposes set forth in the FCRA.  *Mone*, 945 F.2d at 308 (concluding that determining an opposing litigant's ability to satisfy a judgment is not a "business need" under the FCRA); *see* 15 U.S.C. § 1681b(a) (setting out permissible purposes).  The lawfulness of a credit inquiry is dictated by the purpose of the inquiry and is not affected by a debtor's litigiousness.

To create a question of fact as to the lawfulness of the February 1, 2011, account inquiry, Saccato must come forward with admissible evidence supporting the conclusion that Bank Defendants accessed Saccato's credit information for an impermissible purpose.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (non-moving party must set forth specific facts showing a genuine issue for trial); *see also Ewing v. Wells Fargo*, No. CV 11-8194-PCT-JAT, 2012 U.S. Dist. LEXIS 142271 (D. Az. 2012) ("Because … Plaintiff still has not done more than make a bald allegation that Defendants had no permissible purpose for making their multiple credit inquiries, she has again failed to state a claim that Defendants made improper credit inquiries.").  Saccato has failed to show any specific facts relating to the bank's purpose in inquiring into his credit on February 1, 2011.  Saccato has not raised a genuine issue of material fact as to the lawfulness of his bank's credit inquiry by asserting only that it did so during litigation.

---

[1]  In his response to Bank Defendants' summary judgment motion, Saccato cites *Rice v. Montgomery Ward & Co.*, 450 F.Supp. 668 (M.D. N.A. 1978), for the proposition that "Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant.  Such an inquiry is impermissible."  (Dkt. 31, p. 7.)  That is not the holding in *Rice*.  The court in *Rice* held only that the plaintiff was permitted to file a supplemental complaint alleging that the defendant "obtain[ed] credit reports on the plaintiff under false pretenses for use in this litigation," noting that use in litigation is not a permissible purpose for a credit inquiry.  450 F. Supp. at 670.

### III. The only evidence related to the challenged credit inquiry shows that it was made for a permissible purpose.

Saccato's claim is that on February 1, 2011, Bank Defendants accessed Saccato's credit for an impermissible purpose, because the access occurred during the underlying litigation. (Dkt. 1, ¶ 8; Dkt. 31, p. 8 ("A[fter] litigation has commenced, the [d]efendant accessed the [p]laintiff's report. Therefore, [d]efendant has again broken the law by obtaining [p]laintiff's information under false pretenses.").) However, Bank Defendants have offered the only evidence addressing the purpose for that credit inquiry, demonstrating it was lawful.[2] In support of Bank Defendants' Motion for Summary Judgment, Richard Martino explained in his declaration that the bank conducts "account review inquiries" of all its checking account customers, that Saccato was a checking account customer on February 1, 2011, and that the challenged credit inquiry was a routine account review inquiry based on Saccato's status as a checking account customer of the bank. (Dkt 23, ¶ 7.) As explained in Bank Defendants' opening brief, such account reviews are specifically permitted by the FCRA. (Dkt. 24, p 9-12.) *See also* 15 U.S.C. § 1681b(a)(3)(F)(ii) (allowing credit inquiries "to determine whether the consumer continues to meet the terms of the account").

Saccato's evidence offered in support of his motion to strike Martino's declaration raised no genuine issue of material fact as to the purpose of the challenged credit inquiry. As an initial

---

[2] Saccato misrepresents the record twice in an effort to provide some evidence of an impermissible purpose. First, he states that "further evidence … are excerpts of the deposition of [Buckley] dated November 2, 2011 Pg. 97, Ln. 3-22." (Dkt. 31, p. 7.) In fact, Buckley simply testified that there are several reasons why the bank might make a credit inquiry, explaining, "I don't know that I can state every one of them" and "[t]here are a lot of people who would be authorized to do an inquiry." (Dkt. 32, Ex. PE A8.) Second, he states that in her declarations in the underlying litigation, Buckley stated that "after this case was filed, I conducted an additional investigation…" (Dkt. 31, p. 7.) Her full statement was: "[A]ter this case was filed, I conducted an additional investigation which further confirms that the accounts are in fact Mr. Saccato's and that his contrary claims are completely without merit." (Dkt. 32, Ex. PE A7.) There is no evidence of an impermissible purpose for the challenged credit inquiry.

CERTAIN DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR　　　　Page 5
SUMMARY JUDGMENT

matter, the evidence has not been authenticated and is inadmissible hearsay. (*See* Dkt. 30, Bank Defendants' Response to Motion to Strike, p. 3-6 (so arguing).) In any event, however, the evidence corroborated Martino's explanation of account review inquiries and demonstrated that the challenged inquiry was labeled by the credit reporting agency with the prefix "AR," apparently indicating an "account review." (Dkt. 27, Ex. PE A2; *id*. at Ex. PE A3.) *See Reeves v. Equifax*, No. 2:09cv43KS-MTP, 2010 U.S. Dist. LEXIS 50241, *5 (S.D. Miss., 2010) (describing an "account review" as described by Equifax; quoting an Equifax credit report as stating, "'Am or AR - Inquiries with these prefixes indicate a periodic review of your credit history by one of your creditors. (Am and AR inquiries remain for 12 months.)'"). Whether those account review inquiries were displayed to Saccato in the documents allegedly provided to him by two credit bureaus is beside the point. The bank has explained its lawful purpose for inquiring into Saccato's credit on February 1, 2011, and Saccato has demonstrated no genuine issue of material fact related to that purpose.

**IV.    There is no private cause of action under the FACTA.**

As explained in Bank Defendants' opening brief, the FCRA did not require Bank Defendants to redact or truncate any of Saccato's information before providing documents to the bank's litigation counsel. In response to that argument, Saccato for the first time alleges that Bank Defendants failed to comply with so-called "Red Flag guidelines" added to the FCRA with the adoption of the Fair and Accurate Credit Transactions Act ("FACTA"). (Dkt. 21, p. 10.) Those guidelines, which are promulgated and enforced by various federal agencies, require financial institutions to maintain a written identity theft prevention program. 15 U.S.C. § 1681m(e). There is no private cause of action to enforce a violation of Red Flag guidelines, or any other requirements of 15 U.S.C. § 1681m. *Id*. at § 1681m(h)(8) ("No civil actions. Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this

section."). Saccato's claim, even overlooking that he has not alleged it as a separate claim, fails as a matter of law.

### V. Saccato has not shown any facts supporting his civil rights claims against Buckley, which fail as a matter of law.

Saccato's complaint alleged several violations of civil rights laws by Buckley. Buckley moved for summary judgment on those claims, explaining that civil rights statutes had no applicability to the facts of this case. (*See* Dkt. 24, p. 13-14.) Saccato has offered no response to that motion, failing to demonstrate any issue of material fact on his civil rights claims. *Anderson*, 477 U.S. at 248 (party opposing summary judgment motion may not rest upon the allegations in the pleadings, and must set out specific facts showing a genuine issue for trial). Buckley is entitled to summary judgment on Saccato's civil rights claims.

### CONCLUSION

For the reasons stated above and in Bank Defendants' opening brief, Bank Defendants request that this Court enter judgment in their favor on all of plaintiff's claims.

Dated: June 27, 2013.

                    LARKINS VACURA LLP

                    /s/ Bridget M. Donegan
                    William L. Larkins, Jr., OSB #812882
                    wlarkins@larkinsvacura.com
                    Bridget M. Donegan, OSB #103753
                    bdonegan@larkinsvacura.com
                    Attorneys for Defendants U.S. Bank and Stephanie Buckley

**CERTIFICATE OF SERVICE**

  I am over the age of 18 and am not a party to the within action. I am employed in Multnomah County, State of Oregon, and my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

  On June 27, 2013, I served the following document(s):

**U.S. BANK'S AND STEPHANIE BUCKLEY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☒ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☐ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

  I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

                 /s/ Bridget M. Donegan
                 Bridget M. Donegan

Lawrence James Saccato
6387 Old Hwy 99S
Roseburg Oregon 97470
  Plaintiff *pro se*

Page 2 – Certificate of Service