IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE JAMES SACCATO,                     Civ. No. 6:13-cv-173-AA
                                            OPINION AND ORDER
          Plaintiff,

     v.

U.S. BANK NATIONAL ASSOCIATION,
N.D., STEPHANIE BUCKLEY,
CHRISTOPHER KAYSER, DOES 1
THROUGH 5,

          Defendants.
_____

AIKEN, Chief Judge:

     Plaintiff, appearing pro se, filed suit alleging violations of
the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. and
violations of his civil rights under 42 U.S.C. §§ 1983 and 1985.
Defendants filed motions for summary judgment, and the court
provided plaintiff with notice of the applicable Rule 56 standards.
After review of the submissions, defendants' motions are granted.

1    - OPINION AND ORDER

## STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of a fact is determined by the substantive law on the relevant issue, while the authenticity of a dispute is determined by whether a reasonable jury could return a verdict for the nonmoving party in light of the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party has the burden of establishing the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324. The court must resolve all reasonable doubts as to the existence of genuine issues of material fact against the moving party and construe all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630. However, a genuine issue of fact does not arise where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

2   - OPINION AND ORDER

## DISCUSSION

Plaintiff's claims arise from a previous lawsuit brought by plaintiff against defendant U.S. Bank (the Bank). <u>See</u> <u>Saccato v. U.S. Bank Nat'l Ass'n, N.D.</u>, Civ. No. 6:10-cv-6244-HO (D. Or. 2010). Plaintiff alleges that during the pendency of the prior litigation, the Bank and defendant Buckley (a Bank Vice President) "pulled" plaintiff's credit report in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681q.[1] <u>See</u> Compl. ¶¶ 8, 47. Plaintiff also alleges that the Bank, Buckley, and defendant Kayser (the Bank's counsel in plaintiff's prior action) disclosed his Social Security and banking account numbers in an electronic court filing. Compl. ¶¶ 9-45, 48-84, 88-126.[2] Finally, plaintiff contends that Buckley and Kayser conspired to violate his civil rights by disclosing his personal information. Compl. ¶¶ 85-87, 127-29. Plaintiff's claims fail on several grounds.

---

[1]The FCRA subsection cited by plaintiff in his complaint provides for criminal penalties; however, there is no private right of action with respect to criminal penalties. Therefore, as suggested by the Bank, the court liberally construes plaintiff's complaint to allege noncompliance violations of the FCRA. <u>See</u> 15 U.S.C. §§ 1681n-o (establishing civil liability for willful and negligent compliance with the FCRA).

[2]Though plaintiff pleads over thirty counts of this allegation against each defendant, most of the counts contain identical language and appear to be based on the same facts.

The record indicates that the Bank and counsel noted their inadvertent mistake within days, and the information was sealed by the court. The Bank subsequently filed amended briefing with plaintiff's personal information redacted.

3    - OPINION AND ORDER

First, plaintiff cannot bring a § 1983 action against the Bank, Buckley, or Kayser, because they are not public officials acting under the color of state law. See 42 U.S.C. § 1983; Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (attorneys in private practice do not act under color of state law for purposes of § 1983). Rather, they are private individuals and a private entity, and plaintiff makes no allegation that defendants acted in concert with public officials. See Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991). Likewise, plaintiff cannot bring a FCRA claim against Kayser, because he is neither a credit reporting agency nor a furnisher of such information. See 15 U.S.C. §§ 1681a(f), 1681s-2. Rather, Kayser is an attorney who was representing a client.

Second, plaintiff presents no evidence to support a conspiracy claim under U.S.C. § 1985 against Buckley or Kayser. Plaintiff cites no evidence of a conspiracy of any sort, let alone one to interfere with his civil rights.

Further, plaintiff's FCRA claims against the Bank and Buckley are likely barred by the doctrine of claim preclusion. "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). Claim preclusion

4    - OPINION AND ORDER

applies "where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." <u>Turtle Island Restoration Network v. U.S. Dep't of State</u>, 673 F.3d 914, 917 (9th Cir. 2012) (internal quotation marks and citation omitted). Claim preclusion encompasses claims that were or could have been brought in a prior proceeding. <u>Id.</u> at 918.

Here, there is an identity of claims; in seeking and opposing summary judgment in the prior action before Judge Hogan, plaintiff alleged that the Bank improperly accessed his credit report during the pendency of that litigation. <u>E.g.</u>, 6:10-cv-6244 (doc. 59 at 1-3; doc. 60 at 2). Further, the Bank responded to plaintiff's allegations in opposing plaintiff's motion. <u>See</u> 6:10-cv-6244-HO (doc. 81 at 6-9). Ultimately, a final judgment on the merits was issued, as Judge Hogan granted the Bank's motion for summary judgment, denied plaintiff's motion, and dismissed the case with prejudice. Finally, privity of parties exists, as the Bank was a defendant in the prior action, and Buckley is an employee of the Bank acting on its behalf. <u>See</u> <u>Adams v. Cal. Dep't of Health Servs.</u>, 487 F.3d 684, 691 (9th Cir. 2007). Accordingly, the elements of claim preclusion are met.

Even if an identity of claims is not established because plaintiff's current FCRA claim arose after plaintiff filed the previous lawsuit, plaintiff fails to establish a genuine issue of material fact to preclude summary judgment in this case. Plaintiff

5   - OPINION AND ORDER

asserts that the Bank violated the FCRA by accessing his credit report during the pendency of his prior litigation, and that the Bank did so for an improper purpose. See 15 U.S.C. § 1681n(a)(1)(B) (imposing civil liability for obtaining a consumer credit report "under false pretenses" or "without a permissible purpose"). However, it is undisputed that plaintiff had banking and credit card accounts with the Bank. Plaintiff presents no evidence that the Bank's inquiry was related in any way to his pending litigation or was intended to be used against him. Instead, plaintiff relies on his own unsupported conclusory statement regarding the Bank's intent, along with the fact that the inquiry occurred during his prior lawsuit. However, the timing of the Bank's inquiry alone cannot defeat summary judgment when plaintiff had accounts with the Bank; it is lawful for the Bank to access plaintiff's credit report "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F)(ii).

Finally, plaintiff cites no authority to support any claim arising from defendants' brief and inadvertent disclosure of his Social Security and banking account numbers in an electronic court filing. Plaintiff cites no statute that provides a cause of action or authorizes damages for any such disclosure. The fact that the disclosure may have violated a federal rule of civil procedure does not establish the right to bring a private cause of action for damages.

6   - OPINION AND ORDER

CONCLUSION

Accordingly, defendants' Motions for Summary Judgment (docs. 15, 22) are GRANTED. Plaintiff's Motion to Strike (doc. 26) is DENIED. This action is HEREBY DISMISSED.

IT IS SO ORDERED.

Dated this _12_ day of July, 2013.

Ann Aiken
United States District Judge