## UNITED STATES DISTRICT COURT
### FOR OREGON
### EUGENE DIVISION

ANN AIKEN

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO | § | Case No: 6:13-CV-00173- AA |
| Plaintiff ProSe' | § | |
| | § | |
| Vs. | § | |
| | § | **NOTICE AND DEMAND** |
| U.S. BANK NATIONAL ASSOCIATION N.D., | § | **FOR MANDATORY JUDICIAL** |
| Defendant | § | **NOTICE FREV 201(c)(2)** |
| | § | **AND DEMAND TO VACATE** |
| STEPHANIE BUCKLEY, | § | **ALL ORDERS AND JUDGMENTS** |
| Co-Defendant | § | **IN THIS ACTION FRCP 60(b)** |
| | § | |
| CHRISTOPHER KAYSER, | § | |
| Co-Defendant | § | |
| | § | |
| Does 1 through 5 | § | |

## NOTICE AND DEMAND FOR MANDATORY JUDICIAL NOTICE

Plaintiff, Lawrence James Saccato hereby gives notice and demands this court take
Mandatory Judicial Notice pursuant to FREV 201(c)(2) of all federal statutes, i.e., all Acts of
Congress, the Statutes at Large, the U.S. Constitution, the State Constitution's and also the
public statutes and decisional laws of every state or territory in the union as required by the
Oregon Evidence Code Sections 201(d) & 202 and pursuant to the following authorities. Federal
Rule of Civil Procedure 60(b), (Rule 60(b)) offers a party relief from a judgment on motion
when it is "inequitable to permit a judgment to stand.

## POINTS OF FACT AND AUTHORITIES

Plaintiff having knowledge of missing credentials for the Honorable Ann Aiken
identified in exhibit PE 001 attached hereto, and also identified in the public record at:
http://www.supremelaw.org/rsrc/commissions/aiken.ann/nad.missing.credentials.2.htm
Plaintiff also provided a Notice and Demand directly to Ann Aiken for the missing credentials,
which she is IN DEFAULT by failing to produce 2 required credentials, a copy is attached
hereto exhibit PE 002.

Page -1-

Ann Aiken by falsely assuming or pretending to be, and by aiding and abetting others was charged with falsely assuming or pretending to be an Officer of the United States District Court for the District of Oregon, acting as such under authority of the United States but without the requisite credentials, in violations of the Federal statutes at 5 U.S.C. 2903, 2906 and 3331, 28 U.S.C. 453 and 951 and of the Federal criminal statute at 18 U.S.C. 2 and 912;

Ann Aiken was formally charged here:

http://www.supremelaw.org/rsrc/commissions/aiken.ann/vcc3/

http://www.supremelaw.org/rsrc/commissions/aiken.ann/vcc3/criminal.complaint.cover.sheet.htm

http://www.supremelaw.org/rsrc/commissions/aiken.ann/vcc3/demand.to.file.vcc.htm

http://www.supremelaw.org/rsrc/commissions/aiken.ann/vcc3/criminal.complaint.htm

Ann Aiken also referenced an underlying case to rule in this instant case in which Michael R. Hogan presided. See Saccato v U.S. Bank Nat'l Ass'n, N.D. Civ. No 6:10-cv6244-HO. Michael R. Hogan also appeared without the proper credentials during the time that he presided in the underlying case. Michael R Hogan remained IN DEFAULT by failing to produce 2 credentials up to and into his retirement on November 1, 2012.

http://www.supremelaw.org/rsrc/commissions/hogan.michael/nad.missing.credentials.2.htm

Plaintiff after identifying the deficiencies in both Michael R. Hogan and Ann Aiken lacking credentials also filed a notice and demand for Michael R. Hogan at his business address on May 16, 2013. Michael Hogan nor the custodian of the records responded with the proper credentials and remain IN DEFAULT.

Michael R. Hogan was formally charged here:

http://www.supremelaw.org/rsrc/commissions/hogan.michael/vcc3/

http://www.supremelaw.org/rsrc/commissions/hogan.michael/vcc3/criminal.complaint.cover.sheet.htm

http://www.supremelaw.org/rsrc/commissions/hogan.michael/vcc3/demand.to.file.vcc.htm

http://www.supremelaw.org/rsrc/commissions/hogan.michael/vcc3/criminal.complaint.htm

## AUTHORITIES IN RE: PRESIDENTIAL COMMISSIONS

When person has been nominated to office by President, confirmed by Senate, and his commission signed by President, with seal of United States affixed thereto, his appointment is complete. See U.S. v. LeBaron, 60 U.S. 73, 19 How. 73; And 15 L.Ed. 525 (1856), bold emphasis added.

The commissions of judicial officers ... appointed by the President, by and with the advice and consent of the Senate ... shall be made out and recorded in the Department of Justice under the seal of that department and countersigned by the Attorney General. See 5 U.S.C. 2902(c), bold emphasis added.

Federal circuit and district judges are among the "other officers of the United States" required to be nominated by the President by and with the advice and consent of the Senate. See Thomson v. Robb, 328 S.E.2d 136, 140, hn. 3; 229 Va. 233 (Va. 1985).

From this clause [2:2:2] the Constitution must be understood to declare that all offices of the United States, except in cases where the Constitution itself may otherwise provide, shall be established by law. See U.S. v. Maurice, 2 Brock, U.S., 96; 26 Fed. Cas. No. 15,747.

[W]here the law requires a commission to be issued, the person selected is not entitled to the office until the commission issues, and he cannot be legally qualified by taking the required oath until he has received his commission. See Legerton v. Chambers, 163 P. 678, 32 Cal.App. 601; Magruder v. Tuck, 25 Md. 217 (bold emphasis added).

The commission is in law prima facie proof of the right of the judge to enter on and perform the duties of his office. See State v. Montague, 130 S.E. 838, 190 N.C. 841; Sylvia Lake Co. v. Northern Ore Co., 151 N.E. 158; 242 N.Y. 144, cert. den. 273 U.S. 695.

It [commission] is the highest and best evidence of his right to the office until, on quo warranto or a proceeding of that nature, is annulled by judicial determination. See Thompson v. Holt, 52 Ala. 491, (bold emphasis added).

Without taking the oath prescribed by law, one cannot become a judge either de jure or de facto, and such an individual is without authority to act and his acts as such are void until he has taken the prescribed oath. See French v. State, 572 S.W.2d 934; Brown v. State, 238 S.W.2d 787.

Law requires the judge selected to take an oath of office. See U.S. ex rel. Scott v. Babb 199 F.2d 804 (7th Cir. 1952).

Appointment was complete upon taking oath. See Glavey v. U.S., 182 U.S. 595 (1901). Judges are required to take oaths. See 7 Op Atty Gen 303.

Oath was prerequisite to compensation of judges. See 7 Op Atty Gen 303.

The salaries of all judges of courts of the United States are due from the date of appointment; but the party does not become entitled to draw pay until he has entered on the duties of his office, or at least taken his official oath; for, until then, though under commission, he is not actually in office; and in some cases, as that of the territorial judges of Oregon, Washington, Kansas, and Nebraska, salary, though due from date of appointment, cannot be drawn until the judge enters on duty in the Territory. See 7 Op Atty Gen 303 supra.

Oath was prerequisite to official duties and salary. See 19 Op Atty Gen 219.

## SALARY OF MINISTER

By act of July 11, 1888, chapter 614, the office of charged affaires to Paraguay and Uruguay, the salary of which was $5,000 per annum, was abolished, and provision made for representing the United States there by a minister at $7,500 a year. B., who at that time held the former office, was on the 11th of August, 1888, appointed minister. He received his commission at his place of duty on the 3d of October, 1888, and on that latter date took the official oath and entered upon the duties of his office as minister: Advised that B. is entitled to draw his salary as minister from the 3d of October, 1888, the date on which he qualified for the office and entered upon its duties, and not from the date of his appointment (Aug. 11, 1888). See 19 Op Atty Gen 219 supra.

... [B]ut whatever form of oath is taken, the taking of the oath is a prerequisite to the entering upon the official duties or drawing salary therefor. See 19 Op Atty Gen 221 supra.

## DUE PROCESS OF LAW

Due Process is a requirement of the U.S. Constitution. Violation of the United States Constitution by a judge deprives that person from acting as a judge under the law. He/She is acting as a private person, and not in the capacity of being a judge (and, therefore, has no jurisdiction).

The state Supreme Courts have held that those who aid, abet, advise, act upon and execute the order of a judge who acts without jurisdiction are equally guilty. They are equally guilty of a crime against the U.S. Government.

## OATH OF OFFICE AND AUTHORITY

The laws covering judges and other public officials are to be found at 5 U.S.C. 3331, 28 U.S.C. 543 and 42 U.S.C. 1983 and if the judge has not complied with all of those provisions he is not a judge but a trespasser upon the court. If he is proven a trespasser upon the court(upon the law) not one of his judgments, pronouncements or orders are valid. All are null and void.

PRIETO BAIL BONDS, Appellant, v. The STATE of Texas, Appellee. No.

08-96-00342-CV. May 27, 1999 "without the taking of the oath prescribed by the Constitution of

this State, one cannot become either a de jure or de facto judge, and his acts as such are void".

## VOID JUDGMENTS

Black's Law Dictionary,6th Edition, defines a void judgment as follows:

"Void Judgment. One which has no legal force or effect, invalidity of which may be asserted by

any person whose rights are affected at any time and at any place directly or collaterally."

Void judgments are those rendered by a court which lacked jurisdiction, either of the

subject matter or the parties, Wahl v. Round Valley Bank 38 Ariz. 411, 300 P. 955 (1931); Tube

City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914); and Milliken v. Meyer,

311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940).

## CASE LAWS IN SUPPORT OF THE POINT OF LAW
## THAT A VOID JUDGMENT CANNOT OPERATE

Orders or "[j]udgments entered contrary to due process are void." *Neylan v. Vorwald*, 121

Wis.2d 481, 488, 360 N.W.2d 537, 540 (Ct. App. 1984) (citations omitted). A void judgment or

order is something very different from a valid one. Id. at 496, 360 N.W.2d at 544. "[I]t is legally

ineffective[,] may be collaterally attacked at any time in any proceeding, state or federal [and] it

should be treated as legally ineffective in the subsequent proceeding. Even the party which

obtained the void judgment may collaterally attack it." Id. A void judgment cannot be validated

by consent, ratification, waiver or estoppel. Id. at 495, 360 N.W.2d at 544. This principle is "of

ancient and universal application.

Void judgments can always be challenged. Moreover, there is no need for a trial in any of

the three instances. A *void judgment* is a mere nullity, and any proceedings founded upon it are

equally worthless. See *Fischbeck v. Mielenz*, 162 Wis. 12, 17, 154 N.W. 701, 703 (1916); *Neylan

v. Vorwald*, 124 Wis.2d 85, 99, 368 N.W.2d 648, 656 (1985).

A *void judgment* cannot create a right or obligation, as it is not binding on anyone. See id. A voidable judgment, on the other hand, has the same effect and force as a valid judgment until it has been set aside. See *Slabosheske v. Chikowske*, 273 Wis. 144, 150, 77 N.W.2d 497, 501 (1956).

And a *void judgment* can be attacked at anytime. See Neylan, 124 Wis.2d at 97, 368 N.W.2d at 655. *Benitez v. Fasick*, 220 Wis.2d 358, 582 N.W.2d 505 (Wis.App. 05/27/1998). No statutory time limit applies to a motion to vacate void judgments. A *void judgment* may be expunged at any time. See *West v. West*, 82 Wis.2d 158, 166, 262 N.W.2d 87, 90 (1978).

Laches do not apply to a motion to vacate for voidness either. See id. Nor does the reasonable time test of Section 806.07(2), Stats., apply to this motion. See *Neylan v. Vorwald*, 121 Wis.2d 481, 497, 360 N.W.2d 537, 545 (Ct. App. 1984). We recognize that "' *void judgment* cannot be validated by consent, ratification, waiver, or estoppel.'" Neylan, 124 Wis. 2d at 97, 368 N.W.2d at 655 (quoting *Kohler Co. v. DILHR*, 81 Wis. 2d 11, 25, 259 N.W.2d 695, 701 (1977).

A judgment is void if the court rendering it lacked subject matter jurisdiction. See *Wengerd v. Rinehart*, 114 Wis. 2d 575, 578, 338 N.W.2d 861, 864 (Ct. App. 1983). Also, a *void judgment* is subject to collateral attack. *State v. Madison*, 120 Wis. 2d 150, 158, 353 N.W.2d 835, 839 (Ct. App. 1984). Section 806.07, Stats., governs relief from judgments. The Judicial Council Committee's Note, 1974, 67 Wis. 2d 726, states the section "is substantially equivalent to Federal Rule 60(b) and replace[d former sec.] 269.46." This court stated in *West v. West*, 82 Wis. 2d 158, 165-66, 262 N.W.2d 87 (1978), that the former sec. 269.46(1) "presupposes the entry of a valid judgment . . . It has nothing whatsoever to do with the vacation of a *void judgment.*" A *void judgment* may be expunged by a court at any time.

In *Kohler Co. v. ILHR*, 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977. "The fact that the award came many years after the void order is of no consequence. In *Halbach v. Halbach*, 259 Wis. 329, 331, 48 N.W.2d 617 (1951), the *void judgment* was challenged ten years after entry.

Page -7-

The court stated that laches did not apply even if the plaintiff had been dilatory or lackadaisical in his efforts to overturn the judgment. 'It is the duty of the court to annul an invalid judgment.' "A *void judgment* cannot be validated by consent, ratification, waiver, or estoppel. Furthermore, void judgments may be attacked collaterally. The 1960 application was still valid." (Footnote omitted.). There is no time limit on an attack on a judgment as void. A *void judgment* is something very different than a valid judgment. The *void judgment* creates no binding obligation upon the parties, or their privies; it is legally ineffective.

## MEMORANDUM OF LAW IN SUPPORT OF THE POINT OF LAW THAT A VOID JUDGMENT IS NOT VOID WHEN DECLARED VOID BUT IS VOID AN INITIO

If the trial court was without subject matter jurisdiction of defendant's case, her conviction and sentence would be void *ab initio*. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

### MEMORANDUM OF LAW IN SUPPORT OF THE POINT OF LAW THAT PARTY SEEKING TO VACATE A VOID JUDGMENT IS INVOKING THE MINISTERIAL POWERS OF THE COURT / COURT LACKS DISCRETION WHEN IT COMES TO VACATING VOID JUDGMENTS

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, *Orner v. Shalala,* 30 F.3d 1307, (Colo. 1994). See also, *Thomas*, 906 S.W.2d at 262 (holding that trial court has not only power but duty to vacate a *void judgment*). For other authorities concurring, see *Allied Fidelity Ins. Co. v. Ruth*, 57 Wash. App. 783, 790, 790 P.2d 206 (1990),*Bd. of Revision* (2000), 87 Ohio St.3d 363, 368, *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998), Chavez v. County of Valencia, 86 N.M. 205, 521 P.2d 1154 (1974), *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty, Cleveland Electric Illuminating Company v. Finesilver*, No. 69363 (Ohio App. Dist.8 04/25/1996), *In re Marriage of Markowski*, 50 Wash. App. 633, 635, 749 P.2d 754 (1988);

Page -8-

Brickum Inv. Co. v. Vernham Corp., 46 Wash. App. 517, 520, 731 P.2d 533 (1987), *In re: Thomas*, 906 S.W.2d at 262, *In re: Weaver Constr.*, 190 Colo. at 232, 545 P.2d at 1045, *Leen*, 62 Wash. App. at 478, *Lubben v. Selective Serv. Sys. Local Bd.* No. 27, 453 F.2d 645, 649, (1st Cir. 1972),*Mitchell v. Kitsap County*, 59 Wash. App. 177, 180-81, 797 P.2d 516 (1990), *Moorev. Packer*, 174 N.C. 665, 94 S.E. 449, 450, *Patton v. Diemer* (1988), 35 Ohio St.3d 68 *Roller v. Holly*, 176 U.S. 398, 409, *Small v. Batista*, 22 F. Supp.2d 230, 231 (S.D.N.Y. 1998), Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, (1973) ,Civil § 2862.

## **MEMORANDUM IN SUPPORT OF THE POINT OF LAW THAT WHEN JURISDICTION IS CHALLENGED THE PARTY CLAIMING THAT THE COURT HAS JURISDICTION WAS CONFERRED UPON THE COURT THROUGH THE PROPER PROCEDURE. OTHERWISE, THE COURT IS WITHOUT JURISDICTION**

Whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction. *Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it.").

A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court, Long v. Shorebank Development Corp., 182 F.3d 548 ( C.A. 7 Ill. 1999).

A void judgment is one which, from its inception, was a complete nullity and without legal effect, Lubben v. Selevtive Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972). A void judgment is one which from the beginning was complete nullity and without any legal effect, Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980).

A "void judgment" as we all know, grounds no rights, forms no defense to actions taken there under, and is vulnerable to any manner of collateral attack (thus here, by ). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been. 10/13/58 FRITTS v. KRUGH. SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97. On certiorari this Court may not review questions of fact. Brown v. Blanchard, 39 Mich 790. It is not at liberty to determine disputed facts (Hyde v. Nelson, 11 Mich 353), nor to review the weight of the evidence. Linn v. Roberts, 15 Mich 443; Lynch v. People, 16 Mich 472.

## FRAUD

"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." [U.S. v. Tweel, 550 F.2d 297, 299 (1977), (quoting U.S. v. Prudden, 424 F.2d 1021, 1032 (1970))]

Silence is a species of conduct, and constitutes an implied representation of the existence of the state of facts in question, and the estoppel is accordingly a species of estoppel by misrepresentation. [cite omitted]

When silence is of such a character and under such circumstances that it would become a fraud upon the other party to permit the party who has kept silent to deny what his silence has induced the other to believe and act upon, it will operate as an estoppel." [Carmine v. Bowen, 64 A. 932 (1906).

It is obviously correct that no one acquires a vested or protected right in violation of the Constitution by long use, even when that span of time covers our entire national existence and indeed predates it." [Walz v. Tax Commission of New York City, 397 U.S. 664, 678 (1970)]

A Party having superior knowledge who takes advantage of another's ignorance of the law to deceive him by studied concealment or misrepresentation can be held responsible for that conduct Fina Supply, Inc. v. Abilene Nat. Bank, 726 S.W.2d 537, 1987.

Knowing failure to disclose material information necessary to prevent statement from being misleading, or making representation despite knowledge that it has no reasonable basis in fact, are actionable as fraud under Texas law. Rubinstein v. Collins, 20 F.3d 160, 1990.

When circumstances impose duty to speak and one deliberately remains silent, silence is equivalent to false representation. Fisher Controls International, Inc. v. Gibbons, 911 S.W. 2d 135, 1995.

When a person sustains to another a position of trust and confidence, his failure to disclose facts that he has a duty to disclose is as much a fraud as an actual misrepresentation. Blanton v. Sherman Compress Co., 256 S.W. 2d 884, 1953.

Silence. The state of a person who does not speak, or of one who refrains from speaking In the law of estoppel, "silence" implies knowledge and an opportunity to act upon it. Pence v. Langdon, 99 U.S. 578, 581, 25 L.Ed. 420;  Stewart v. Wyoming Cattle Ranch Co., 128 U.S. 383, 9 S.Ct. 101, 32 L.Ed. 439.

Fraud – "A false representation of a matter of fact— whether by words or by conduct, by false or misleading allegations, or by concealment of what should have been disclosed—that deceives and is intended to deceive another so that the individual will act upon it to her or his legal injury.", "A statement need not be affirmative to be fraudulent. When a person has a duty to speak, silence may be treated as a false statement. This can arise if a party who has knowledge of a fact fails to disclose it to another party who is justified in assuming its nonexistence." ,"All states allow a plaintiff to seek PUNITIVE DAMAGES in addition to actual damages." West's Encyclopedia of American Law, 2nd Edition (2005), Vol. IV, 487, 489

Unquestionably, the concealment of material facts that one, under the circumstance, is bound to disclose may constitute fraud. Indeed, one of the fundamental tenets of the Anglo-Saxon law of fraud is that fraud may be committed by a suppression of the truth, (suppressio veri) as well as by the suggestion of falsehood. , (suggestio falsi)." 37 AM JUR 2nd, 144.

The principle in the law of fraud as it relates to non-disclosure, that a charge of fraud is maintainable where a party knows material facts, is under the duty, under the circumstances, to speak and disclose his information, but remains silent." 37 AM JUR 2nd, 146

"Default is a failure to discharge a duty, to one's own disadvantage; anything wrongful--some omission to do that which ought to have been done by one of the parties." 90 N.Y.S. 589, 590.

## CONCLUSION

Ann Aiken, upon  failure to provide the proper lawfully required credentials to duly fulfill the position as District Court Judge, and failing to disclose that there were outstanding charges filed against her wants jurisdiction to take any action except for vacating the void judgment/order. When a rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, *Orner v. Shalala*,  30 F.3d 1307, (Colo. 1994).

In re *Village of Willowbrook, 37 Ill, App. 3d 393(1962)* Fraud committed in the procurement of jurisdiction,  Fredman Brothers Furniture v. Dept. of Revenue, 109 Ill. 2d 202, 486 N.E. 2d 893(1985)

The void judgment must be vacated as a matter of law.  Coram non judice, "in the presence of a person not a judge," is a phrase that describes a proceeding brought before a court that lacks the jurisdiction to hear such a matter. Any judgment rendered by the court in such a case is void.

Ann Aiken in addition, will full knowledge of Michael R. Hogan also having deficiencies with lacking credentials to qualify for a position of District Court Judge (now retired) inappropriately relied upon improper orders issued without authority in the underlying case Saccato v U.S. Bank Nat'l Ass'n, N.D. Civ. No 6:10-cv6244-HO in the present case.

This court's swift response to vacate the void summary judgments avoids the conclusion that this court is in violation of 18 USC 1964(a). In addition, this action requires the appointment of a District Judge that is properly credentialed to lawfully preside over the action ab initio without delay.

Ann Aiken's oath pursuant to ORS 9.250 also requires her to report herself and Michael Hogan to the Oregon State Bar Association and to other proper authorities for failure to comply with the requirements of their oath and other violations of law.

Submitted this 27th day of August 2013.

*LAWRENCE SACCATO*

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284 mess
ljsaccato@gmail

NOTICE AND DEMAND FOR
EXHIBITION OF MISSING CREDENTIALS


TO:        Ann Aiken
      c/o U.S. District Court
           1000 S.W. Third Avenue
           Portland 97204-2902
           OREGON, USA

FROM:      Paul Andrew Mitchell, B.A., M.S.
           Private Attorney General
      c/o 501 W. Broadway, Suite A-332
           San Diego 92101
           CALIFORNIA, USA

DATE:      January 25, 2007 *A.D.*

SUBJECT:   missing credentials

Greetings Ann Aiken:

Please be advised that a proper request submitted under the Freedom of
Information Act ("FOIA") has resulted in a determination that the following
requisite credentials for you cannot be found or exhibited by the legal
custodians of those records:

      (1)    Oath of Office
      (2)    Appointment Affidavit

As of October 1, 2004 *A.D.*, a proper SUBPOENA IN A CIVIL CASE was overdue
for your Oath Office and Appointment Affidavit.

For your convenience, we have attached pertinent documentation.

Formal demand is hereby made of you to produce all missing credentials as
itemized above no later than 5:00 p.m. on Friday, March 2, 2007 *A.D.*  Beyond
that reasonable deadline, your silence will activate estoppel pursuant to
Carmine v. Bowen, and it will also constitute fraud pursuant to U.S. v.
Tweel.

Thank you for your timely and professional consideration.


Sincerely yours,

/s/ Paul Andrew Mitchell

Paul Andrew Mitchell, B.A., M.S.
Private Attorney General, 18 U.S.C. 1964(a)


PE101

NOTICE AND DEMAND FOR
EXHIBITION OF MISSING CREDENTIALS


TO:     Ann Aiken
        c/o U.S. District Court
        1000 S.W. Third Avenue
        Portland 97204-2902
        OREGON, USA

FROM:   Lawrence James Saccato
        c/o 6387 Old Hwy 99S
        Roseburg, 97471
        Oregon, USA

DATE:   July 24, 2013

SUBJECT: Missing Credentials

Greetings Ann Aiken:

Please be advised that a proper request submitted under the Freedom of Information Act
("FOIA") has resulted in a determination that the following requisite credentials for you cannot
be found or exhibited by the legal custodians of those records:

(1)  Oath of Office

(2)  Appointment Affidavit

Formal demand is hereby made of you to produce all missing credentials as itemized above no
later than 5:00 p.m. on Friday, August 26, 2013.  Beyond that reasonable deadline, your silence
will activate estoppel pursuant to Carmine v. Bowen, and it will also constitute fraud pursuant to
U.S. v. Tweel.

Thank you for your timely and professional consideration.


Sincerely yours,

Lawrence Saccato

Lawrence James Saccato

PE 102

**NOTICE AND DEMAND FOR**
**EXHIBITION OF MISSING CREDENTIALS**


TO:      Michael R. Hogan
      c/o U.S. District Court
         1000 S.W. Third Avenue
         Portland 97204-2902
         OREGON, USA

FROM:    Paul Andrew Mitchell, B.A., M.S.
         Private Attorney General
      c/o 501 W. Broadway, Suite A-332
         San Diego 92101
         CALIFORNIA, USA

DATE:    January 25, 2007 *A.D.*

SUBJECT: missing credentials

Greetings Michael R. Hogan:

Please be advised that a proper request submitted under the Freedom of
Information Act ("FOIA") has resulted in a determination that the following
requisite credentials for you cannot be found or exhibited by the legal
custodians of those records:

      (1)  Oath of Office
      (2)  Appointment Affidavit

As of October 1, 2004 *A.D.*, a proper SUBPOENA IN A CIVIL CASE was overdue
for your Oath Office and Appointment Affidavit.

For your convenience, we have attached pertinent documentation.

Formal demand is hereby made of you to produce all missing credentials as
itemized above no later than 5:00 p.m. on Friday, March 2, 2007 *A.D.*  Beyond
that reasonable deadline, your silence will activate estoppel pursuant to
Carmine v. Bowen, and it will also constitute fraud pursuant to U.S. v.
Tweel.

Thank you for your timely and professional consideration.


Sincerely yours,

/s/ Paul Andrew Mitchell

Paul Andrew Mitchell, B.A., M.S.
Private Attorney General, 18 U.S.C. 1964(a)

PE 103

NOTICE AND DEMAND FOR
EXHIBITION OF MISSING CREDENTIALS

TO:      Michael R. Hogan
         c/o U.S. District Court
         1000 S.W. Third Avenue
         Portland 97204-2902
         OREGON, USA

FROM:    Lawrence James Saccato
         c/o 6387 Old Hwy 99S
         Roseburg, 97471
         Oregon, USA

DATE:    May 16, 2013

SUBJECT: missing credentials

Greetings Michael R. Hogan:

Please be advised that a proper request submitted under the Freedom of Information Act
("FOIA") has resulted in a determination that the following requisite credentials for you cannot
be found or exhibited by the legal custodians of those records:

(1) Oath of Office

(2) Appointment Affidavit

Formal demand is hereby made of you to produce all missing credentials as itemized above no
later than 5:00 p.m. on Friday, May 31, 2013.  Beyond that reasonable deadline, your silence will
activate estoppel pursuant to Carmine v. Bowen, and it will also constitute fraud pursuant to U.S.
v. Tweel.

Thank you for your timely and professional consideration.

Sincerely yours,

*Lawrence Saccato*

Lawrence James Saccato

PE 104

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Plaintiff's Mandatary Judicial Notice and Motion to Vacate Judgments to the Court for Case # 6:13-cv-00173-AA, was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

David A. Jacobs
LUVAAS COBB
777 High Street Ste 300
Eugene, Oregon 97401

William L. Larkins, Jr.
Larkins Vacura LLP
621 SW Morrison St. Suite 1450
Portland, Oregon 97205

They were deposited in the United States Post Office in Roseburg, Oregon on August 27, 2013.


_LAWRENCE SACCATO_
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com